E-FILED
Tuesday, 28 April, 2026  10:54:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RAYMOND HELDERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4182 |
| | ) | |
| DONATHAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h). (Doc. 3).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Illinois Department of Corrections officials transferred him to the custody of Illinois Department of Human Services officials at Rushville Treatment and Detention Facility ("TDF") once paroled. Plaintiff alleges TDF officials strip-searched him upon his arrival at the TDF, that Defendants Chenowite and John Doe conducted a strip search on a subsequent date prior to Plaintiff leaving the TDF on a court writ, and that Defendant Simpson denied his grievances on the matter.

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982). This does not mean that TDF officials are precluded from employing safety and security measures they deem necessary, even if prisons employ the same measures. *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003). As the Supreme Court recognized in *Bell v. Wolfish*, detainees "do[] not possess the full range of freedoms of an unincarcerated individual," and there exists little difference between the respective safety and security risks detainees and prisoners present. 441 U.S. 520, 546-47 (1979).

Nothing in Plaintiff's allegations suggests that TDF officials conducted the searches in a public setting, that officials made inappropriate comments, that officials subjected him to measures designed to humiliate, or that execution of the search exceeded its intended purpose. *See Henry v. Hulett*, 969 F.3d 769, 781-82 (7th Cir. 2020). Defendant Simpson's denial of grievances after the fact is not sufficient to impose liability. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Court finds that Plaintiff failed to state a claim upon which relief can be granted.

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 28th day of April, 2026.


*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE